UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-24522

JANE KAUFMAN,

    Plaintiff,

v.

CELEBRITY CRUISES, INC.,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

Plaintiff, JANE KAUFMAN ("Plaintiff"), through undersigned counsel, sues Defendant, CELEBRITY CRUISES, INC. ("Defendant"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

3. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

4. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

5. Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp.*, 22 So. 3d

561, 562 (Fla. 3d DCA 2008).

6. Plaintiff is *sui juris* and is a resident and citizen of the state of Florida.

7. Defendant is a foreign corporation that is authorized to conduct and that does conduct business in the State of Florida, that at all times material hereto was and is doing business in Miami-Dade County, Florida, and that maintains its corporate headquarters and principal place of business in Miami-Dade County, Florida.

8. Defendant is a citizen of the state of Florida.

9. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

10. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

*11.* At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled the vessel, the Celebrity *Reflection*.

12. On or about May 25, 2019, Plaintiff was a fare paying passenger on Defendant's vessel, the Celebrity *Reflection*, which was in navigable waters.

13. As Plaintiff traversed a tiled floor on Deck 5 in front of Cellar Masters, she lost her footing on a wet, sticky, and/or slippery surface, and fell as a result. When Plaintiff was taken to

the ship doctor, she was not properly diagnosed, and the X-ray machine was inadequate to properly diagnose Plaintiff. As a result of the fall, Plaintiff suffered traumatic injuries that include, but are not limited to a fractured shoulder, a bruised hip, and shoulder and arm tears.

14. At all times relevant, the surface where Plaintiff fell, and the adjacent areas, were unreasonably dangerous, risk-creating, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

15. This area lacked adequate safety features to prevent Plaintiff's fall.

16. These hazardous conditions were known, or should have been known, to Defendant in the exercise of reasonable care.

17. These hazardous conditions existed for a period of time before the incident.

18. These conditions were neither open nor obvious to Plaintiff.

19. Nevertheless, at all times relevant, Defendant failed to adequately inspect the area of Plaintiff's incident for dangers.

20. Defendant failed to adequately warn Plaintiff of the dangers it knew or should have known of.

21. At all times relevant, Defendant failed to eliminate the hazard(s).

22. At all times relevant, Defendant failed to properly maintain this area.

23. At all times relevant, Defendant failed to conduct reasonable inspection of this area.

24. At all times relevant, Defendant participated in the design and/or approved the design of the surface where Plaintiff fell, and the adjacent areas, in either the new build design specifications or during a dry-dock refurbishment.

25. At all times relevant, Defendant failed to properly train and supervise its crew.

26. Furthermore, the design of the surface where Plaintiff fell, and the adjacent areas, including the surface where Plaintiff fell, was inadequate to enable Plaintiff to notice the hazards.

27. Furthermore, the lighting was inadequate to enable Plaintiff to notice the hazards.

## COUNT I
## NEGLIGENCE

28. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 27 as if set forth herein.

29. The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

30. Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous, risk-creating, and hazardous conditions that passengers, including the Plaintiff, will likely encounter.

31. Such duties also include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

32. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

33. At all times material, the Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to inspect, clean, keep, and maintain the surface where Plaintiff fell, and the adjacent areas, in a reasonably safe condition, so as to prevent hazards to its passengers; and/or

   b. Failing to install proper and reasonable safeguards to prevent passengers from being injured when using the subject area; and/or

   c. Negligently designing and/or installing the surface where Plaintiff fell, and the

adjacent areas, on Defendant's vessel, which were inherently and unreasonably dangerous; and/or

d. Failing to warn Plaintiff of the risk-creating conditions of the surface where Plaintiff fell, and the adjacent areas; and/or

e. Failing to warn of known dangerous design and/or other defects of the subject area, including the surface on which Plaintiff fell, and the adjacent areas; and/or

f. Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of the surface where Plaintiff fell, and the adjacent areas;

g. Failing to treat the surface where Plaintiff fell to prevent it from becoming unreasonably sticky, slippery, hazardous, misleading, or otherwise unreasonably dangerous; and/or

h. Failing to properly and safely instruct passengers using the subject area of the risks involved; and/or

i. Failing to provide adequate lighting to enable passengers to notice any hazards; and/or

j. Failing to provide prompt, proper, and adequate medical care in its infirmary, including, but not limited to, by failing to adequately diagnose Plaintiff's injuries; and/or

k. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant; and/or

l. Failing to employ sufficient crewmembers or adequately train its crew to keep the surface where Plaintiff fell, and the adjacent areas, free of hazards; and/or

m. Failing to comply with applicable standards, statutes, or regulations the violation

of which is negligence per se and/or evidence of negligence; and/or

n. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

34. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

35. Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

36. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity, loss of important bodily functions, and loss of capacity for the enjoyment of life.

37. The losses are either permanent or continuing in nature.

38. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, JANE KAUFMAN, demands Judgment against Defendant, CELEBRITY CRUISES, INC., for damages suffered and costs incurred, for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, JANE KAUFMAN, demands trial by jury on all issues so triable.

Dated: November 1, 2019

Respectfully submitted,

**ARONFELD TRIAL LAWYERS**
www.Aronfeld.com

/s/ *Spencer M. Aronfeld*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Matthias M. Hayashi, Esq.**
Florida Bar No.: 0115973
mhayashi@aronfeld.com
ARONFELD TRIAL LAWYERS
1 Alhambra Plaza | Penthouse
Coral Gables, Florida 33134
P:	(305) 441.0440
F:	(305) 441.0198
*Attorneys for Plaintiff*